```
                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND


DENISE MCMILLAN               *
                              *
v.                            *   Civil Action No. WMN-11-2048
                              *
BIERMAN, GESSING, WARD,        *
& WOOD LLC et al.             *
                              *
   *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Pending before the Court are four motions to dismiss: (1) ECF No. 5, filed by Defendants Bierman, Geesing, Ward & Wood, LLC (BGWW), Howard N. Bierman, Jacob Geesing, Carrie M. Ward, Matthew Cohen, Kevin R. Feig, (collectively, the BGWW Defendants), U.S. Bank, N.A., Specialized Loan Servicing, LLC, and Terwin Asset-Backed Securities, Series 2007 QHL1 (Terwin); (2) ECF No.7, filed by Defendant JPMorgan Chase Bank, N.A.[1]; (3) ECF No. 9, filed by Defendants Friedman & MacFadyen, P.A., Mark H. Friedman, Kenneth J. MacFadyen, Miriam S. Fuchs, and Michael T. Cantrell (collectively, the F&M Defendants); and (4) ECF No. 17, filed by Defendants Eric Tate and Lender Processing Services, LLC.[2]  All motions are now ripe.  Upon consideration of

---

[1] The record reflects that Plaintiff did not file an opposition to this motion.

[2] The Court notes that one additional defendant, Bank of New York Mellon Trust (Trust Administrator), has been served with a summons and complaint, ECF No. 14, but has not entered an appearance.  The Complaint, however, fails to make any

the pleadings, facts and applicable law, the Court determines that no hearing is necessary, Local Rule 105.6, and, for the reasons set forth below, that the motions should be granted and the case will be dismissed in its entirety.

I.  **BACKGROUND**

This suit arises out of foreclosure proceedings that took place with respect to the residential property located at 4114 Balmoral Circle, Pikesville, Maryland.  According to the Complaint, on January 9, 2008, BGWW, as "Substitute Trustee," sent a "Notice of Default/Intent to Foreclose" to Plaintiff in an attempt to collect her debt.[3]  Subsequently, BGWW initiated foreclosure proceedings against the property by filing an Order to Docket in the Circuit Court for Baltimore County.  The property was sold at a foreclosure auction in November 2008.  On December 5, 2008, Plaintiff filed an "Opposition to Ratification of Sale" in the Circuit Court of Baltimore County.  BGWW opposed the opposition and a hearing was held on February 9, 2009, at which time the sale of the property was ratified.  On October 21, 2009, in the same Circuit Court, Plaintiff filed a "Motion

---

allegations against this Defendant beyond stating that it is registered with the Security and Exchange Commission and governed by Pooling and Servicing Agreements.

[3] Plaintiff alleges that Draper & Goldberg, PLLC, had previously filed an Order to Docket in an attempt to collect on the same alleged debt and that the case, Case Number 03-C-07007819, remains pending today.  Compl. at ¶ 24 - 26.

to Reopen and Vacate Judgment of Possession Based on New Matter and Non-Compliance with Exhibits," which was denied without a hearing.  On October 24, 2009, Plaintiff was served with an eviction notice by the Sheriff's Department, but was able to postpone the eviction by filing for Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of Maryland.  On May 3, 2010, the bankruptcy court held a Relief of Automatic Stay Hearing.  Defendant Feig of BGWW appeared as a representative of the trustee bank and advocated in favor of the Relief of Stay, which the Court granted.  Once the stay was removed, on May 14, 2010, Plaintiff, through her attorney Douglas Gottron, filed in the Circuit Court an Ex Parte Motion for Temporary Restraining Order and Complaint.  On May 27, 2010, the Circuit Court held a hearing and denied the motion.  On July 16, 2010, Plaintiff, through her attorney, renewed her motion and received a subsequent hearing.  At the July 20, 2010, hearing, the renewed motion was denied.  On July 23, 2010, Plaintiff was evicted from the property.

On July 22, 2011, Plaintiff filed the present Complaint against Defendants, all of whom she appears to allege were somehow involved in the foreclosure proceeding.  The Complaint alleges violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et al., the Maryland Consumer Debt Collections Act (MCDCA), Md. Code Ann., Com. Law § 14-201 et

3

al., the Maryland Consumer Protection Act (MCPA), Md. Code Ann., Com. Law § 13-301 et al., and the Maryland Collection Agency Licensing Act (MCALA), Md. Code Ann., Bus. Reg. § 7-301 et al.[4]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, -- U.S. --,--, 129 S. Ct. 1937 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  A district court need not accept a plaintiff's legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949-50.

---

[4] The Court notes that in her "Preliminary Statement," Compl. at ¶ 1, Plaintiff generally alleges that she is bringing an action for damages under all of these Acts, and then specifies which provisions of each Act were violated in the three Counts. Counts I and II, which allege violations of the FDCPA and MCDCA, pertain to only the BGWW Defendants and the F&M Defendants, while Count III appears to pertain to all Defendants.  Though Count III is entitled "Violation of Maryland Consumer Protection Act (MCPA)," the paragraphs within the Count refer to violations of statutory sections of the FDCPA and MCALA, and only refer to the definition section of the MCPA. Compl. at ¶¶ 101 - 104.

Complaints filed by pro se plaintiffs are "to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). Nonetheless, a pro se complaint must at least meet a minimal threshold of plausibility.

## III. DISCUSSION

The Court agrees with Defendants that the majority of Plaintiff's claims fail to state a claim upon which relief may be granted. The allegations of the Complaint are largely conclusory and, even construing them liberally, it is difficult to ascertain what exactly Plaintiff alleges the Defendants did that was unlawful. Count III, the only count alleged against all Defendants, states that Defendants violated the law "when they engaged in unfair and deceptive trade practices," but the Complaint fails to clarify what each of the Defendants, all who stand in varying positions with respect to the foreclosure, did that was unfair or unconscionable. F&M, for example, is alleged to have filed "false documents" in the Circuit Court in an attempt to gain possession after the foreclosure sale, but the Complaint does not explain what those documents were or how they were false. Moreover, in her opposition to Defendants' motion, Plaintiff offers no further explanation or enlightenment as to the facts she believes support her claims, but merely restates

the provisions of the statutes she believes were violated and cites excerpts from cases.

The only parties for which Plaintiff has arguably made out a claim are the BGWW Defendants. Though the counts themselves only contain conclusory allegations, by liberally construing the complaint in its entirety the Court can glean that Plaintiff's claims stem from the allegations that (1) the BGWW Defendants were not licensed as collection agencies in the state of Maryland, and thereby did not have the legal authority to take action to collect the debt (potential violation of 15 U.S.C. § 1692e(5), Md. Code Ann., Com. Law § 14-202(8) and Md. Code Ann., Bus. Reg. § 7-301(a)), and (2) the BGWW Defendants attempted to collect the debt using forged signatures, false notarization, and incomplete or false documentation, thereby falsely representing the legal status of the debt and using false representations and unfair means to collect the debt (potential violation of 15 U.S.C. § 1692e(2) and (10) and § 1692(f)).

Notwithstanding the fact that Plaintiff arguably makes out a claim against the BGWW Defendants and, insofar as Plaintiff makes out a claim against any other Defendants, such claims are barred by the doctrine of res judicata.[5] This doctrine prohibits

---

[5] In her oppositions, Plaintiff responds to Defendants' assertion of res judicata by calling it an "irrelevant doctrine," but fails to explain why it is irrelevant. ECF Nos. 16 at ¶1; 31 at ¶2; 36 at ¶3.

the relitigation of matters previously litigated, as well as those claims that could have been asserted and litigated in the original suit.  Anyanwutaku v. Fleet Mort. Group, 85 F. Supp. 2d 566, 570 (D. Md. 2000).  "The doctrine was designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'"  Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161-162 (4th Cir. 2008) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979)).

   As discussed above, BGWW, as Substitute Trustee, filed a foreclosure proceeding in the Circuit Court for Baltimore County.  Plaintiff had been previously informed of her default and was aware of the proceedings against her.  Plaintiff hired counsel and, according to the case docket, vigorously opposed the foreclosure, filing a Complaint for Injunction against Foreclosure Sale, an Ex Parte Order for Postponement of Foreclosure Sale, an Opposition to Ratification, a response in opposition to the Motion for Judgment of Possession, a Motion to Reopen and Vacate Judgment of Possession, and an Emergency Petition for Temporary Restraining Order, which was renewed after its initial denial, all of which were denied by the Circuit Court.  ECF No. 5-3.  The docket also reveals that Plaintiff attempted to file an appeal with the Maryland Court of

7

Special Appeals, but the appeal was dismissed because it was not timely filed.

The Defendants argue that the claims Plaintiff raises in the instant suit are precluded because they could have been litigated in the foreclosure action. The Court agrees.

"Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." Id. at 162. In Maryland, res judicata requires that (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined, or that which could have been raised and determined, in prior litigation; and (3) there has been a final judgment on the merits. R&D 2001, LLC v. Rice, 938 A.2d 839, 848 (Md. 2008).

Each element required for res judicata to apply is present. First, the foreclosure proceeding is indisputably a final judgment on the merits of the foreclosure. Plaintiff filed exceptions, was afforded multiple hearings, and appealed her case to the Court of Special Appeals, where it was dismissed. She exhausted her opportunities for review in State Court and the Circuit Court's judgment stands as a final determination on the merits. See Jones v. HSBC Bank USA, N.A., No. 09-2904, 2011 WL 382371 at *4 (D. Md. Feb. 3, 2011) (Circuit Court's order

granting possession is final adjudication of the rights of the parties); DeCosta v. U.S. Bancorp, No. 10-0301, 2010 WL 3824224 at *7 (D. Md. Sept. 27, 2010) (Circuit Court's resolution of motion to dismiss an order to docket is a "final determination" sufficient to invoke issue preclusion).

Second, the parties are the same as, or in privity with, the parties in the foreclosure action. The nominal plaintiffs in the foreclosure action were Bierman, Geesing, Ward and Cohen, all attorneys at BGWW, as Substitute Trustees of the Deed of Trust. The docket also lists U.S. National Bank, represented by F&M, and Specialized Loan Servicing, LLC as "Interested Parties." ECF No. 5-3. The Complaint alleges that the Deed of Appointment appointing BGWW Substitute Trustee was executed by Eric Tate, an employee of Lender Processing Services, holding himself out as "Assistant Secretary" of Specialized Loan Servicing, LLC, the sub-servicer for the debt. The Complaint also states that U.S. Bank, N.A. was trustee for the holders of the Terwin Asset-Backed Securities, which had at some point acquired Plaintiff's debt, and that the F&M Defendants acted to protect the interests of U.S. Bank, N.A. in the foreclosure action. Furthermore, the Complaint alleges that J.P. Morgan Chase Bank was the back-up servicer for the debt. "In essence, [Plaintiff]'s Complaint is itself rooted in the premise that the Defendants in the instant action are the same as the parties to

9

the foreclosure action or in privity with them." Coleman v. Countrywide Home Loans, Inc., No. 10-2297, 2010 WL 5055788, at *3; see also Jones, 2011 WL 382371 at *5 (noting that "Maryland courts and [the U.S. District Court], applying Maryland law, have consistently held that res judicata bars collateral attacks on foreclosure judgments entered in the Circuit Courts."); Green v. Ford Motor Credit Co., 828 A.2d 821, 838-39 (Md. Ct. Spec. App. 2003) (noting that requirement of privity "has been relaxed ... [and] would not bar estoppel by judgment (i.e. the bar of either res judicata or collateral estoppel) if all the other elements of those doctrines were proven")

Finally, the causes of action in this case all relate to actions allegedly taken by the Defendants with respect to the foreclosure; in fact, Plaintiff has already raised some of these issues in the Opposition to Ratification she filed in the Circuit Court.  The Opposition focused on allegations that U.S. Bank, N.A., Terwin, and the Substitute Trustees lacked, for a variety of reasons, authority, right, or standing to bring the foreclosure action.  See ECF No. 5-5.  Such allegations are nearly identical to some of the claims made in the Complaint, namely that Defendants used false representations to collect an alleged debt, took action that cannot legally be taken, claimed a right that does not exist, attempted to collect an amount not authorized by the agreement creating the debt, and unlawfully

10

repossessed Plaintiff's property.  See Compl. at ¶¶ 96, 100a, 104b, 104c, 104d.

Moreover, this element is satisfied for any additional claims made by Plaintiff in the instant suit that were not raised during the foreclosure proceeding.  Maryland has adopted a "transaction test" for use in determining what constitutes the same claim for res judicata purposes. Kent County Bd. Of Educ. v. Bilbrough, 525 A.2d 232 (Md. 1987).  Pursuant to this test, claims that arise out of the same transaction are considered part of the same cause of action.  "In determining whether the causes of action stem from the same transaction or series of connected transactions, courts consider such pragmatic factors as 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" Anyanwutaku, 85 F. Supp. 2d at 571 (quoting Restatement (Second) of Judgments §24(2) (1982).  Applying this test to the instant suit, it is clear that the causes of action are identical because the same transaction forms the basis for the claims made in Plaintiff's Complaint and for the claims raised in the state foreclosure proceeding; the facts are clearly related in time, space, origin, and motivation and would form a convenient trial unit

because they arise from the exact same set of factual and legal circumstances.

As all of the elements of res judicata are met, Plaintiffs' claims as against all Defendants are barred.[6]

**IV.  CONCLUSION**

For the above stated reasons, the Court will dismiss the Complaint in its entirety as to all Defendants.  A separate order consistent with this memorandum will be issued.

/s/

William M. Nickerson
Senior United States District Judge

DATED: February 8, 2012

---

[6] The Court notes also that the Defendants raised a number of additional defenses, including the applicability of the statute of limitations, statutory exemptions from licensing requirements, and this Court's lack of jurisdiction because of the Rooker-Feldman doctrine.  As the doctrine of res judicata operates to bar all claims, the Court need not address the applicability of these defenses.

12